VAN NORTWICK, J.
C.C., the natural mother of the child A.C., appeals an order terminating C.C.’s parental rights which was entered by the trial court following a remand from this court. C.C. argues that the record evidence is insufficient to support termination. For the reasons that follow, we reverse.
In the order which was the subject of the prior appeal, the trial court had termi *255 nated the parental rights of C.C. as to the child A.C. This court reversed, holding that certain findings made in the previously entered termination order were not supported by the record. C.C. v. Department of Children and Family Services, 812 So.2d 520 (Fla. 1st DCA 2002). Our opinion stated that, on remand, the trial court was to reconsider “A.C.’s best interests, in accordance with section 39.810, Florida Statutes (2000)....” Id. at 523.
On remand, the trial court held a hearing on the child’s best interests and received additional evidence. Thereafter, the trial court entered an order styled “Order on Disposition of Manifest Best Interest Hearing” in which it set forth a six paragraph “statement of facts to be true.” Unfortunately, the trial court did not address, directly or indirectly, the factors outlined in section 39.810, Florida Statutes (2000). Because the trial court did not specifically address the factors set forth in section 39.810, it did not comply with this court’s mandate. See id.
Moreover, certain of the material findings of fact contained in the order under review are not supported by the record. For example, the trial court found that the mother was at risk for eviction. There was no specific testimony, however, establishing this fact. Although C.C. admitted she was “behind on her rent,” the report of the guardian ad litem (GAL) states in pertinent part:
[Appellant] has reportedly recently qualified for HUD housing assistance. Her landlord stated to this GAL that she was behind in her rent and that he was able to help her secure housing assistance. [Appellant] stated to this GAL that she was behind in her rent because she was forced to pay for repairs to a leaky roof in her apartment building.
The GAL further testified at the hearing following remand that the appellant’s landlord told the GAL he helped appellant get HUD housing, and that the appellant advised the GAL that she had “received clearance for HUD housing.”
Further, the testimony of the psychologist does not support the trial court’s finding that appellant lacks the parenting skills to care for the child. Rather, in the Parenting Fitness Evaluation, Philip Yates, Ph.D., stated that the appellant, “realistically]” expressed concern that she lacks “sufficient knowledge” about effectively rearing her child. Dr. Yates recommended that appellant attend parenting classes and “at that point it certainly could be considered that any type of visitation could be increased, expanded, and ultimately it is anticipated, consistent with [C.C.’s] desire, that her youngest child would be returned to her care and custody.” Overall, Dr. Yates concluded that “[o]n the basis of current studies performed, [C.C.] is found to be functioning with reasonably positive emotional stability, psychological insight, and freedom from psychopathology.”
The order on appeal is accordingly reversed, and the cause is remanded to the trial court to consider, expressly and specifically, the factors outlined in section 39.810.
REVERSED and REMANDED.
KAHN AND BROWNING, JJ., concur.